**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movants and [Proposed]*
*Co-Lead Counsel for the Class*

*[Additional Counsel Listed Below]*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLAM ABEED, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TOYOTA MOTOR CORPORATION, KOJI SATO, YOICHI MIYAZAKI, AKIO TOYODA, and KENTA KON, <br><br> Defendants. | Case No. 2:24-cv-05284-FLA-MAA <br><br> **MEMORANDUM OF LAW OF AZIZ ASARIA AND AKBER ALI ASARIA IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION** <br><br> <u>CLASS ACTION</u> <br><br> JUDGE: Fernando L. Aenlle-Rocha <br> HEARING: September 20, 2024 <br> TIME: 1:30 p.m. <br> CTRM: 6B |

1

Movants Aziz Asaria and Akber Ali Asaria ("Movants" or the "Asaria Brothers") respectfully submit this Memorandum of Law in Opposition to the Competing Motion to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel. Dkt. No. 16.

The Asaria Brothers, as explained in their opening brief, are typical, adequate, and lost $13,396. *See generally* Dkt. Nos. 17, 18-2, and 18-3.

There is only one other movant, Prafulchandra Patel, a retired dentist, ("Patel"). Patel claims losses of $1,336,440.43 ($522,228.48 in losses from options transactions and $814,211.95 from ADS transactions). Dkt. No. 14-4. However, Patel failed to demonstrate his adequacy and typicality under Rule 23, 15 U.S.C. § 78u-4(a)(3)(B)(iii).

It is critical to note that courts determining the most adequate lead plaintiff do not merely perform a rote mathematical calculation of comparing *asserted* losses. Numerical loss is only the first step in the process. *See In re Mersho*, 6 F.4th 891, 896 (9th Cir. 2021) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)-(cc)).

The second step is analyzing a proposed lead plaintiff's typicality and adequacy under Rule 23. *See Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)).

Here, Patel is inadequate and atypical. Patel submitted inaccurate trading information for several transactions covering both options and ADSs, provides no information on his purported ability to transact in millions of dollars of Toyota ADS on multiple days, claims to have accounted for over 10% of the daily volume of Toyota ADS by himself on multiple days, and claims a large portion of his losses are from options. Dkt. Nos. 14-1, 14-3, and 14-4.

In contrast to the inadequate and atypical movant noted above, the Asaria Brothers are both adequate and typical. *See* Dkt. No. 17. Movant Aziz Asaria has over 30 years of investing experience. *Id.* II.D, at 7. He holds a bachelor's degree

MEMORANDUM OF AZIZ ASARIA AND AKBER ALI ASARIA IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS – 2:24-cv-05284-FLA-MAA

in computer science and accounting and is a senior database administrator at USC. *Id.* Movant Akber Ali Asaria, Aziz Asaria's brother, holds a bachelor's degree in accounting and owns his own business. *Id* at 8.

## **ARGUMENT**

## **I.     PATEL IS INADEQUATE**

### **A.     Patel Submitted False Trading Information in His Sworn PSLRA Certification and Loss Chart**

In Patel's sworn PSLRA certification he provides false prices for his trades. On April 12, 2024 Patel claims to have purchased 10,000 ADSs at $245.56 per ADS, 294 ADSs at $245.65 per ADS, and 200 ADSs at $245.61 per ADS. Dkt. Nos. 14-3 and 14-4. However this is impossible, the daily range for April 12, 2024 was $245.27-$242.63 per ADS, meaning those trades do not comport with the actual price on that day. Ex. A. Similarly, on June 25, 2024, Patel claims to have sold 20,494 ADSs at $202.84 per ADS but the daily range was $206.61-205.13. Dkt. No. 14-4 and Ex. A.

These transactions also cover nearly 50% of Patel's claimed options losses. *Id*.

Courts readily deny lead plaintiff motions where errors in a movant's filings caused the court to question the movant's reliability to serve as a class representative. *See*, *e.g.*, *Irving Firemen's Relief & Ret. Fund v. Tesco PLC,* No. 14-cv-8495 2015 WL 1345931, at *2-3 (S.D.N.Y. Mar. 19, 2015) (finding that discrepancies in movant's financial data precluded the court from verifying movant's claimed losses, which undermined movant's adequacy as lead plaintiff); *Karp v. Diebold Nixdorf, Inc.* No. 19-cv-6180, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019), *adhered to on reconsideration,* No. 19-cv-6180, 2019 WL 6619351

MEMORANDUM OF AZIZ ASARIA AND AKBER ALI ASARIA IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS – 2:24-cv-05284-FLA-MAA

(S.D.N.Y. Dec. 5, 2019) (same); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414-15 (E.D. Pa. 2019) (same).

In another case, the court found a plaintiff's error in *one* transaction price, in his submissions to the Court "militate against appointment and render him inadequate to serve as lead plaintiff funder Rule 23's adequacy requirement." *Camp v. Qualcomm Inc.,* No. 18-cv-1208, 2019 WL 3554798, at *2 (S.D. Cal. Aug. 5, 2019). The *Camp* Court also noted that "other district courts have held similarly. In one case, a court found that while '[t]he inaccuracy [in calculations] may be explainable, ... it casts sufficient doubt on [plaintiff]'s adequacy as a representative plaintiff....'" *Id.* (citing *Nager v. Websecure, Inc*., 1997 WL 773717, at *2 n.1 (D. Mass. Nov. 26, 1997)).

**B.    Patel's False Submissions Raise Serious Doubts as to his Ability to Transact in Tens of Millions of Dollars of Toyota ADS and Options**

Patel's false submissions also call into doubt his large block trades of Toyota ADS. Patel purportedly purchased 20,000 ADS for $4,879,309 on March 8, 2024 in one block trade and another 20,494 ADS for $5,027,043 on April 12, 2024. *Id.*; *see also* Rosen Opposition Decl., Exs. A and B (demonstrating the falsity of his submitted trading data); *infra* (discussing the problematically high volume of his asserted trades). Thus, Patel spent nearly $10 million in about a month. The record is devoid of any evidence that shows Patel had the financial means to purchase such large quantities of Toyota ADS.

Further doubts about the veracity of Patel's trades confirmed by the large quantity of shares Patel claims to have traded. Patel's block trades represent a significant portion of the total volume on Toyota ADS.

MEMORANDUM OF AZIZ ASARIA AND AKBER ALI ASARIA IN OPPOSITION TO COMPETING LEAD
PLAINTIFF MOTIONS – 2:24-cv-05284-FLA-MAA

| Date | Patel Trades | Total Trading Volume | Patel's Trades as Percentage of Total Volume |
|---|---|---|---|
| 3/8/2024 | 20,000 | 379,500 | 5% |
| 4/11/2024 | 20,000 | 172,500 | 12% |
| 4/12/2024 | 20,494 | 207,400 | 10% |
| 6/25/2024 | 20,494 | 517,900 | 4% |

Dkt. Nos. 14-3, 14-4 and https://finance.yahoo.com/quote/TM/history/?period1=322151400&period2=1724952159.

*In re Boeing Aircraft Sec. Litig*., is instructive. No. 19-cv-2394, 2019 WL 6052399, at *5-6 (N.D. Ill. Nov. 15, 2019). There, a lead plaintiff movant failed to provide any reasonable explanation for their large investment and loss. *Id*. That court found that these important issues "raise[] legitimate questions about the bona fides of [Patel's] reported transactions in [Toyota] securities and, as a result, [his] position of having the largest financial interest." *Id*. Indeed, "[Patel] would likely be subject to searching discovery as to [his] financial condition and experience, investing methodologies, and transactions in [Toyota] securities during discovery conducted by the defendants." *Id*. at *7 (citing cases). That movant was denied appointment. *Id*.; *see also In re Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399, at *7 (it is difficult to fathom [Patel's] reluctance to provide basic information that bears on [his] adequacy now. [His] present reticence casts further doubt on their adequacy because it suggests that [he] will be unable or unwilling to carry out the duties of a lead plaintiff, which include responding to discovery and providing deposition testimony.").[1]

---

[1] Movants respectfully request discovery under the PSLRA to the extent that Patel remains a lead plaintiff candidate in this case. PSLRA discovery of this nature is appropriate at this stage of the proceedings in order to protect the class. *See e.g.*,

MEMORANDUM OF AZIZ ASARIA AND AKBER ALI ASARIA IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS – 2:24-cv-05284-FLA-MAA

Similarly, Patel did not provide adequate background information on himself and his supposedly significant wealth. This makes it impossible for the Court to make a determination on Patel's adequacy (and typicality). Courts do not hesitate to hold that movants who provide such sparse information are inadequate to represent the class. *See, e.g.*, *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000) (finding movant inadequate to serve as lead plaintiff where it "has not proffered any information regarding its identity, resources, and experience"); *Smajlaj v. Brocade Commc'ns Sys. Inc.,* No. 05–02042 2006 WL 7348107, at *11-*12 (N.D. Cal. Jan. 12, 2006) (rejecting investor's motion for appointment as lead plaintiff, despite having the greatest financial interest in the litigation, after concluding that it "will not adequately represent the interests of the plaintiff class" where questions existed as to, among other things, its "authority, transparency, and structure"); *see also Camp v. Qualcomm Inc.*, 2019 WL 277360 (; *In re Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399, at *5, *reconsideration denied,* 2020 WL 476658 (N.D. Ill. Jan. 28, 2020).

## II.    PATEL IS ATYPICAL

Patel engaged in significant options trading-- claiming 39%, or $522,228.48, of his purported losses from his options trading. Dkt. No. 14-4.

Options transactions even when coupled with other securities transactions, such as common stock or ADS, can demonstrate atypicality. Courts have found options traders to be incapable of properly representing a class given the

*Andrade v. Am. Apparel, Inc.*, 10-cv-06352, 2011 WL 13131110, at *3 (C.D. Cal. Jan. 21, 2011) (granting a request for limited discovery, including deposition, regarding whether proposed lead plaintiff would fairly and adequately represent the class); *Applestein v. Medivation Inc*, 10–00998, 2010 WL 3749406, at *5 (N.D. Cal. Sept. 20, 2010) (due in part to concerns with transparency).

6

fundamental differences between stocks and ADS on the one hand and options on the other. *Cook v. Allergan PLC*, 18-cv-12089, 2019 WL 1510894, at *2 (S.D.N.Y. Mar. 21, 2019) (declining to appoint movant with largest financial interest as lead plaintiff whose interest was heavily in options because he was not "an investor whose claims will turn out to be typical of the average common stockholder within the meaning of Fed. R. Civ. P. 23(a)(3)" and his appointment "as lead plaintiff very likely 'would introduce factual issues irrelevant to stockholder class members, like strike price, duration, maturity, volatility, and interest rates, and he could subject the class to unique defenses, causing unnecessary conflict.'"); *Di Scala v. Proshares Ultra Bloomberg Crude Oil, et al.*, 20-cv-5865, 2020 WL 7698321, at *4 (S.D.N.Y. Jul. 28, 2020) (declining to appoint movant as lead plaintiff whose trades heavily involved options because such trades raised unique, substantial questions that threatened to become the focal point of the litigation); *Bricklayers of W. Pa. Pension Plan v. Hecla Mining Co.*, No. 12–cv–00042, 2012 WL 2872787, at *4 (D. Idaho July 12, 2012) ("[T]he price and value of a single share of common stock is very different from the price and value of a single call option. The options' valuable lives are limited, their value is conditional, and there is a large disparity between their price and their potential value."); *Comrie v. Enterasys Networks, Inc.*, 837 A.2d 1, 18 n.87 (Del. Ch. 2003) (recognizing valuation of options is fundamentally different from valuing shares); *see also Micholle v. Ophthotech Corp.*, No. 17-cv-210, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) (declining to appoint movant that traded in options as lead plaintiff).

## III.   THE ASARIA BROTHERS SHOULD BE CO-LEAD PLAINTIFFS

Unlike Patel, Movants satisfy the typicality and adequacy requirements of Rule 23. The Asaria Brothers should be appointed Co-Lead Plaintiffs, and their selection of Co-Lead Counsel should be approved.

7

To overcome the strong presumption entitling Movants to be appointed Co-Lead Plaintiffs, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case, and any arguments to the contrary should be flatly rejected. Competing movants may attempt to conjure up speculative arguments to rebut the presumption in favor of Movants. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive Lead Plaintiffs, here Movants, will not adequately protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Lomingkit v. Apollo Educ. Grp. Inc.*, No. CV-16-00689, 2016 WL 3345514, at *2 (D. Ariz. June 16, 2016).

As Movants have made a demonstration of their typicality and adequacy and have the largest remaining financial interest, and no movant has rebutted the presumption with proof, Movants must be appointed Co-Lead Plaintiffs.

## IV.    MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. See 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also In re Cavanaugh,* 306 F.3d 726, 734 n. 14 (9th Cir. 2002).

Movants have selected The Rosen Law Firm, P.A. and Schall Law Firm as Co-Lead Counsel. The firms have the resources and expertise to litigate this action efficiently and aggressively. As the firms' resumes reflect, they are highly experienced in the area of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Dkt. Nos. 18-5 and 18-6.

Thus, the Court may be assured that by approving Movants' selection of counsel, the members of the class will receive excellent legal representation.

## **CONCLUSION**

For the foregoing reasons, Movants respectfully request the Court issue an Order: (1) appointing Movants as Co-Lead Plaintiffs of the class; (2) approving Rosen Law and Schall Law as Co-Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: August 30, 2024                 Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**THE SCHALL LAW FIRM**
Brian Schall (290685)
Brian R. England (211335)
Rina Restaino (285415)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
brian@schallfirm.com
rina@schallfirm.com

*Counsel for Movants and [Proposed]*
*Co-Lead Counsel for the Class*

MEMORANDUM OF AZIZ ASARIA AND AKBER ALI ASARIA IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS – 2:24-cv-05284-FLA-MAA

## **CERTIFICATE OF PAGE LIMIT AND WORD COUNT**

The undersigned, counsel of record for Aziz Asaria and Akber Ali Asaria, certifies that this brief contains 2,187 words, which complies with the word limits of Your Honor's Standing Order Rule 6.c. and of L.R. 11-6.1.

Executed on August 30, 2024.

/s/ Laurence M. Rosen

10

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On August 30, 2024 I electronically filed the following **MEMORANDUM OF AZIZ ASARIA AND AKBER ALI ASARIA IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on August 30, 2024

/s/ Laurence M. Rosen
Laurence M. Rosen

MEMORANDUM OF AZIZ ASARIA AND AKBER ALI ASARIA IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS – 2:24-cv-05284-FLA-MAA