**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com

*Attorneys for Lead Plaintiff Movant*
*Dr. Prafulchandra Patel and Proposed*
*Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLAM ABEED, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, KOJI SATO, YOICHI MIYAZAKI, AKIO TOYODA, and KENTA KON,<br><br>Defendants. | No.: 2:24-cv-05284-FLA-MAA<br><br>**DR. PRAFULCHANDRA PATEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF MOTION FOR LEAD PLAINTIFF**<br><br>Judge: Hon. Fernando L. Aenlle-Rocha<br>Date: September 20, 2024<br>Time: 1:30 p.m.<br>Courtroom: #6B |

## I.    PRELIMINARY STATEMENT

Dr. Prafulchandra Patel respectfully submits this reply memorandum in further support of his motion: (1) to be appointed as Lead Plaintiff, pursuant to § 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) for approval of his selection of the law firm of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel for the class. As demonstrated previously and explained further herein, Dr. Patel is entitled to the statutory presumption of Lead Plaintiff pursuant to the PSLRA. This is because he possesses the "largest financial interest" in the outcome of the litigation and has made the necessary *prima facie* showings of typicality and adequacy under Federal Rule of Civil Procedure 23.

Once the presumption is triggered, a competing movant can attempt to rebut it with "proof" of inadequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). The competing movants here, Aziz Asaria and Akber Ali Asaria (the "Asaria Brothers"), fail to do this. Notably, they do not provide any "proof" of inadequacy in their opposition brief but instead just accuse Dr. Patel of submitting "false" information in support of his motion because three of his trades appear to fall outside historical prices ranges. The Asaria Brothers' accusations are misguided. As provided to their counsel and reiterated below for the Court, Dr. Patel's brokerage statements confirm that he in fact engaged in the trades described at the prices indicated. Nothing about Dr. Patel's motion for lead plaintiff was inaccurate or false.

The Asaria Brothers also appear to argue in the alternative that if Dr. Patel engaged in the trades he represented, then he should still be disqualified because his financial interest in the litigation is too large. Nothing in the PSLRA or any of the applicable case law calls for disqualifying a movant because he lost too much money. In fact, this argument runs contrary to the PSLRA process, which is to appoint the movant with the "largest financial interest" who also satisfies the

adequacy and typicality requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Finally, the Asaria Brothers question how Dr. Patel acquired the funds necessary for his investment. Here, too, the Asaria Brothers' argument is unsupported by the PSLRA and the case law. There is no requirement for a movant to verify his source of funds for the investment at issue in the case. Dr. Patel submitted a sworn certification and declaration attesting to his investment in Toyota ADS's and providing information about his professional background, including that he was a dentist with his own practice for many years before retiring. Consequently, the Asaria Brothers have no factual basis in the record for questioning the existence of Dr. Patel's investment or the losses he sustained as a result.

The Asaria Brothers have not and cannot rebut Dr. Patel's status as the presumptive Lead Plaintiff. Accordingly, Dr. Patel respectfully requests that the Court grant his motion in its entirety.

## II.    ARGUMENT

### A.    Dr. Patel is the Most Adequate Plaintiff

#### 1.    *Dr. Patel Submitted Correct Trading Information in His Sworn PSLRA Certification and Loss Chart.*

The Asaria Brothers incorrectly argue in their opposition that Dr. Patel's certification provides false prices for his trades. *See* ECF No. 23, p. 3. The trade information provided by Dr. Patel is correct.

The Asaria Brothers point to Dr. Patel's certification, arguing that the purchase prices listed for April 12, 2024 and June 25, 2024 are "impossible" because the prices fall outside the daily range, as provided by *Yahoo Finance!*. ECF No. 23 at 3. Upon seeing this argument (and, in particular, the accusation that Dr. Patel "submitted false trading information," *id.*), Dr. Patel promptly sent a letter to counsel for the Asaria Brothers containing excerpts of Dr. Patel's brokerage statements showing that the trade information he submitted in support of his motion was accurate. A true and correct copy of this letter with the excerpts of the brokerage

statements is filed herewith as Exhibit A to the Supplemental Declaration of Adam M. Apton. As demonstrated, the trades flagged by the Asaria Brothers are in fact correct: on April 12, 2024, Dr. Patel purchased 10,000 ADS's at $245.56 per ADS; 294 ADS's at $245.65 per ADS; and 200 ADS's at $245.61 per ADS. *See* Exhibit A. Further, with respect to the sale on June 25, 2024, the price identified on Dr. Patel's loss analysis reflects the average trading price of Toyota ADS's between the end of the Class Period and the date of the sale (as required by the PSLRA's 90-day lookback provision). *See id*.

While *Yahoo Finance!* is a popular and well-known website, it does not verify the accuracy of its historical trading data. According to the website's "data disclaimer," *Yahoo Finance!* obtains its historical data for U.S. equities from Commodity Systems, Inc., which in turn provides its own "disclaimer" stating, in pertinent part, that: "This website may contain inadvertent factual inaccuracies and typographical errors, for which we apologize. . . . Commodity Systems Inc. shall not be liable to any customer or third person for the accuracy of the information or any market quotations supplied through this service to a customer, nor for any delays, inaccuracies, errors, interruptions or omissions in the furnishing thereof, for any direct or consequential damages arising from or occasioned by said delays, inaccuracies, errors, interruptions or omissions, or for any discontinuance of the service." *See* Commodity System, Inc. Website, *Disclaimer* (available at https://www.csidata.com/?page_id=182).

In any event, Dr. Patel's above trades fall outside the trading range (as listed on *Yahoo Finance!*) by only a few cents, which is not disqualifying. The *Gordon v. Sonar Capital Mgmt. LLC* case is instructive. In that case, the Court rejected defendants' argument that the co-lead plaintiff, "fail[ed] to allege reliance because he traded at prices that fell outside the market range and therefore cannot avail himself of the theory of fraud on the market." *Gordon v. Sonar Capital Mgmt. LLC*, No. 11-cv-9665 (JSR), 2014 U.S. Dist. LEXIS 111543, at *8 (S.D.N.Y. July 31,

2014). Plaintiffs successfully argued "the fact that [co-lead plaintiff] traded at prices outside the market range does not mean that he did not rely on the market's integrity." *Id.* at *9. *See also In re AudioEye, Inc.,* 2015 U.S. Dist. LEXIS 193348, at *14-15 (D. Ariz. July 31, 2015); *In re Spero Therapeutics, Inc. Sec. Litig.*, No. 22-CV-3125 (LDH) (RLM), 2022 U.S. Dist. LEXIS 168778, at *17-18 (E.D.N.Y. Sep. 19, 2022) (finding that even though the "factual context" of the transacted trades are not entirely clear, "these transactions do not constitute unexplained discrepancies and are not necessarily disqualifying.").

Dr. Patel has been highly cooperative and transparent with opposing movants, providing statements to confirm his trade information and show he relied on the market's integrity. For the foregoing reasons, Dr. Patel has dispelled the antagonistic claims asserted by the Asaria Brothers.

### B.    Dr. Patel Cannot Be Penalized for Possessing *Too Large* of a Financial Interest.

Courts in the Ninth Circuit generally assess financial interest with reference to the four *Lax* factors: (1) securities purchased; (2) funds expended; (3) net shares purchased (i.e., shares retained); and (4) monetary loss. *See, e.g., Retail Wholesale Dep't Store Union Local 338 Ret. Fund v. Stitch Fix, Inc.*, No. 22-cv-04893, 2023 U.S. Dist. LEXIS 89096, at *7, n.3 (N.D. Cal. May 22, 2023). The following table clearly demonstrates that Dr. Patel, with a loss of approximately $1,336,440, holds the "largest financial interest" in the action:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Dr. Prafulchandra Patel | 40,494 | 20,494 | $4,971,214.91 | $1,336,440.43 |
| Aziz Asaria and Akber Ali Asaria | 500 | 300 | $71,770.43 | $13,396.90 |

*See* ECF Nos. 14-4 and 18-3.

By statute, the movant with the "largest financial interest in the relief sought by the class" is entitled to a "presumption" that he or she is the "most adequate plaintiff" to serve as the lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B)(iii). This "presumption" can only be rebutted with "proof" that the movant will not fairly protect the interests.

As the movant with the largest financial interest who also satisfies the Rule 23 requirements, Dr. Patel is entitled to this presumption. The Asaria Brothers make a curious argument in an attempt to rebut this presumption, stating that there are "doubts about the veracity of Patel's trades confirmed by the large quantity of shares Patel claims to have traded. Patel's block trades represent a significant portion of the total volume on Toyota ADS." *See* ECF No. 23 at p. 4. The Asaria Brothers would be hard pressed to find case law in which a movant was disqualified from lead plaintiff status based on having ***too large*** of a financial interest, as this would be contrary to the purpose behind the PSLRA.

**C.    Dr. Patel Has Provided Sufficient Background Information.**

Once the presumption of "most adequate plaintiff" has attached, it can only be rebutted with "proof" of inadequacy or atypicality. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d at 741. Absent proof rebutting the presumption, Dr. Patel is entitled to be appointed as the lead plaintiff. *See Hufnagle v. Rino Int'l Corp.,* No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771, at *16 -26 (C.D. Cal. Feb. 14, 2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011) (appointing the most adequate plaintiff where competing movants failed to submit proof of unique defense). The Asaria Brothers' personal attacks against Dr. Patel do not rise to the level of "proof" necessary to prove anything, let alone that Dr. Patel is inadequate or otherwise unsuited to serve as the lead plaintiff.

The Asaria Brothers speculate that Dr. Patel has failed to substantiate his financial interest based on his current status as a retiree. Yet, Dr. Patel has made the

preliminary showing of adequacy and typicality and has provided the Court with a sworn PSLRA certification attesting to his transactions in Toyota. Despite the absence of any requirement that Dr. Patel "explain" the origins of his investment, he has nothing to hide. As detailed in his opening memorandum and accompanied declaration, Dr. Patel currently resides in Ambler, Pennsylvania and possesses a doctor of dental surgery (DDS) degree. *See* ECF Nos. 14-1 and 14-6. Dr. Patel is currently retired, but prior to that, was employed as a dentist and owned his own practice. *Id*. He has been investing in securities for 24 years and has experience hiring and overseeing attorneys for real estate matters. *Id*. Dr. Patel owns several dental offices throughout Pennsylvania and a real estate company. Dr. Patel used his own funds, acquired from a lifetime of medical service and real estate ventures to purchase the Toyota shares.

While the Asaria Brothers attempt to liken Dr. Patel's investment to the unsuccessful lead plaintiff movant in *In re Boeing Co. Aircraft Sec. Litig.,* No. 19 CV 2394, 2019 U.S. Dist. LEXIS 198259, at *11-13 (N.D. Ill. Nov. 15, 2019), the case is entirely inapposite. In that case, a family spent over $40 million in two months on Boeing stock which equated to being "larger than the purchases of all but about 1% of institutional investors over the same period." Further, questions were raised about the family's trading pattern as their "transaction history [was] sufficiently quirky to prompt concern that there may be some explanation for the Wangs' frenzy of purchases beyond the sudden onset of intense confidence in Boeing's prospects." Even further, the family did not provide any information about itself aside from the fact that they lived in Las Vegas, Nevada. These specifics (or, for that matter, anything like them) are not present in the matter at hand and the Asaria Brothers have not raised any particular questions about Dr. Patel's trading patterns. Additionally, the Court in *Boeing* explained that "[t]his ruling is predicated on the Wangs' inability (or refusal) to provide sufficient information to permit the court to make an informed judgment as to their adequacy to serve as Lead Plaintiff

and as to the bona fides of their claimed investments in Boeing stock." *Id*. at \*24. Dr. Patel has *voluntarily* provided additional background information and statements supporting his investment history, precisely what the movant in *Boeing* refused to do.

Therefore, there is no reason to credit the Asaria Brothers' bald assertion that Dr. Patel "did not provide adequate background information on himself and his supposedly significant wealth [making] it impossible for the Court to make a determination on Patel's adequacy (and typicality)."

### D. Dr. Patel Is the Presumptive Lead Plaintiff.

Dr. Patel has a direct financial interest in the outcome of the litigation with $1,336,440.43 in recoverable losses. Dr. Patel is a sophisticated investor, with 24 years of experience investing in securities. *See* ECF No. 14-6. He also has experience overseeing attorneys for real estate matters. *Id*. His willingness to cooperate by sharing his statements with the Asaria Brothers' counsel shows his dedication to this case and his ability to be a zealous representative for the class. Dr. Patel has the largest financial interest in the litigation and satisfies Rule 23.

## III. CONCLUSION

For the foregoing reasons, Dr. Patel respectfully requests that the Court grant his Motion and enter an order: (1) appointing Dr. Patel as Lead Plaintiff; (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

*[Signature on following page]*

Dated: September 6, 2024

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com

*Attorneys for Lead Plaintiff Movant Dr. Prafulchandra Patel and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On September 6, 2024, I electronically filed the following **DR. PRAFULCHANDRA PATEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF MOTION FOR LEAD PLAINTIFF** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on September 6, 2024.

*/s/ Adam M. Apton*
Adam M. Apton