ALLEN OVERY SHEARMAN STERLING US LLP
Daniel H.R. Laguardia (SBN 314654)
daniel.laguardia@aoshearman.com
140 New Montgomery Street, 10th Floor
San Francisco, CA 94105
Telephone: (415) 796-4160
Facsimile: (415) 796-4199

Agnès Dunogué (*pro hac vice*)
agnes.dunogue@aoshearman.com
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

*Counsel for Defendants Toyota Motor Corporation, Koji Sato, Yoichi Miyazaki, and Akio Toyoda*

[ADDITIONAL COUNSEL ON SIGNATURE PAGE]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLAM ABEED, Individually and on behalf of all others similarly situated, <br><br> Plaintiff <br><br> v. <br><br> TOYOTA MOTOR CORPORATION, KOJI SATO, YOICHI MIYAZAKI, AKIO TOYODA, and KENTA KON, <br><br> Defendants. | Civil Action No. 2:24-cv-05284-SRM-(MAA) <br><br> <u>CLASS ACTION</u> <br><br> Judge Serena R. Murillo <br><br> **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** <br><br> *[Proposed Order filed concurrently herewith]* <br><br> **DATE:** MAY 15, 2025 <br> **TIME:** 1:30 P.M. <br> **COURTROOM:** 9B <br> **JUDGE:** HON. SERENA R. MURILLO |

Pursuant to Federal Rule of Evidence 201 and the incorporation-by-reference doctrine, Defendants Toyota Motor Corporation, Koji Sato, Yoichi Miyazaki, and Akio Toyoda (together "Defendants") respectfully request that the Court take judicial notice of Exhibits 1 through 15, attached to the Declaration of Daniel H.R. Laguardia (the "Laguardia Declaration") filed in connection with Defendants' Motion to Dismiss the Amended Class Action Complaint for Violations of the Federal Securities Laws.

## I. LEGAL STANDARD

In ruling on a motion to dismiss under FRCP 12(b)(6), the Court may consider documents that are incorporated by reference into the complaint, as well as any documents that are subject to judicial notice under FRE 201. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009); *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute") (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (internal quotations and citations omitted); *Farhar v. Ontrak, Inc.*, 714 F. Supp. 3d 1198, 1207 (C.D. Cal. 2024). The doctrine of incorporation by reference prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those same documents that contradict their claims. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (noting "the policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting

references to documents upon which their claims are based"), *as amended* (July 28, 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006).

Under the incorporation-by-reference doctrine, courts may consider a document on a motion to dismiss when a "plaintiff's claim depends on [its] contents … even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (court may consider documents on which the complaint "necessarily relies").

Courts in the Ninth Circuit also routinely take judicial notice of SEC filings, press releases, and other similar public records. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2018) (upholding judicial notice of publicly available financial documents and SEC filings); *see also In re Impac Mortg. Holdings, Inc. Sec. Litig.*, 554 F. Supp. 2d 1083, 1088 n.3 (C.D. Cal. 2008) (taking judicial notice of "documents reflect[ing] matters that are generally known within the jurisdiction of the Court and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

## II.    ARGUMENT

The documents attached to the Laguardia Declaration are all either incorporated by reference into the Amended Complaint and/or of the type that courts in this Circuit have recognized as properly subject to judicial notice.

### A. EXHIBITS 1 THROUGH 4 AND 8 THROUGH 15 ARE INCORPORATED BY REFERENCE IN THE AMENDED COMPLAINT

Plaintiffs have incorporated Exhibits 1 through 4 and Exhibits 8 through 15 (the "Referenced Documents") into the Amended Complaint by referencing them extensively. *See* Amended Complaint ¶¶ 5-8, 10, 12, 47, 49, 53-58, 60, 62-64, 66, 67, 69, 70, 72, 74, 75, 79, 86-89, 92, 101-104.[1]  The Referenced Documents include (1) several TMC SEC filings (Exs. 1, 4, 8, and 12 through 15), (2) transcripts of TMC press conferences published on TMC-affiliated websites (Exs. 2 and 9), (3) a TMC press release (Ex. 3), and (4) public news articles (Exs. 10 and 11).  Plaintiffs rely on the Referenced Documents to allege that Defendants allegedly made false and misleading statements in SEC filings and interviews about the investigation of certification issues at TMC.  Because the Amended Complaint "refers extensively" to the Referenced Documents and they "form[] the basis of the plaintiff's claim," these documents may accordingly be deemed incorporated by reference into the Amended Complaint.  *In re Silver Lake Grp., LLC Sec. Litig.*, 108 F.4th 1178, 1187 n.5 (9th Cir. 2024) (citation omitted).

---

[1] Specifically, the Referenced Documents are referenced in the Amended Complaint as follows: Ex. 1 (referenced at ¶¶ 7, 55, 74, 75), Ex. 2 (referenced at ¶¶ 10, 60, 63, 64, 87, 88), Ex. 3 (referenced at ¶ 49), Ex. 4 (referenced at ¶¶ 5, 6, 53, 54, 70, 101), Ex. 8 (referenced at ¶¶ 47, 56, 57), Ex. 9 (referenced at ¶¶ 8, 58, 79, 102, 103), Exhibit 10 (referenced at ¶ 89), Ex. 11 (referenced at ¶ 104), Ex. 12 (referenced at ¶¶ 10, 62, 72, 86), Ex. 13 (referenced at ¶¶ 12, 66), Ex. 14 (referenced at ¶¶ 12, 67, 92) and Ex. 15 (referenced at ¶ 69).

## B. EXHIBITS 1, 4, 5, 7, 8, AND 12 THROUGH 15 ARE ALSO JUDICIALLY NOTICEABLE SEC FILINGS

In addition, Exhibits 1, 4, 5, 7, 8, and 12 through 15 are SEC filings and are thus proper subjects of judicial notice.[2] *See, e.g., Metzler*, 540 F.3d at 1064 n.7 (9th Cir. 2008) (judicial notice of SEC filings is proper); *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (in reviewing Rule 12(b)(6) motion to dismiss, the court "may consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings" (internal citation omitted)); *Vignola v. Fat Brands, Inc.*, No. CV 18-7469 PSG (PLAX), 2020 WL 1934976, at *3 (C.D. Cal. Mar. 13, 2020) ("SEC filings are proper subjects of judicial notice")).

## C. EXHIBITS 2, 3, 6, 9, 10, AND 11 ARE ALSO JUDICIALLY NOTICEABLE PUBLIC SOURCES

Further, Exhibits 2, 3, 6, 9, 10, and 11[3] are all public and properly subject to judicial notice as (1) transcripts of TMC press conferences published on TMC-affiliated websites (Exs. 2 and 9), (2) TMC press releases (Exs. 3 and 6, and), and (3) public news articles (Exs. 10 and 11).  Each of these categories of documents has been held to be judicially noticeable, and in this case, "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R.

---

[2] As noted above, Exhibits 1, 4, 8, and 12 through 15 are also referenced in Plaintiffs' Amended Complaint.  They are judicially noticeable for the additional and independent reason noted herein.

[3] As noted above, Exhibits 2, 3, 9, 10, and 11 are also only referenced in Plaintiffs' Amended Complaint.  They are judicially noticeable for the additional and independent reason noted herein.

Evid. 201(b)(2); *see also Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018) (taking notice of "publicly available transcripts" from earnings calls and other materials that are "'publicly available to reasonable investors'") (quoting *In re Copper Mountain Sec. Litig.*, 311 F.Supp.2d 857, 864 (N.D. Cal. 2004)), *aff'd sub nom. Castro v. Mattel, Inc.*, 794 F. App'x 669 (9th Cir. 2020); *Ontrak*, 714 F. Supp. 3d at 1207 ("[press releases] are a matter of public record and, thus, are properly the subject of judicial notice") (citation omitted); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendants"). The Court may therefore take judicial notice of these materials for the purpose of establishing the information available to the market throughout the class period.

## III. CONCLUSION

For the reasons above, Defendants respectfully request that the Court grant Defendants' request for consideration under the incorporation by reference doctrine and request for judicial notice of Exhibits 1 through 15.

Dated:    March 14, 2025

Respectfully submitted,

*/s/ Agnès Dunogué*

ALLEN OVERY SHEARMAN STERLING US LLP
Agnès Dunogué (*pro hac vice*)
agnes.dunogue@aoshearman.com
Paula Anderson (*pro hac vice*)
paula.anderson@aoshearman.com
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

Daniel H.R. Laguardia (SBN 314654)
daniel.laguardia@aoshearman.com
140 New Montgomery Street, 10th Floor
San Francisco, CA  94105
Telephone: (415) 796-4160
Facsimile: (415) 796-4199

Daniel H. Gold (*pro hac vice*)
dan.gold@aoshearman.com
The Link at Uptown, 2601 Olive Street, 17th Floor
Dallas, TX 75201
Telephone: (214) 271-5777
Facsimile: (214) 853 5005

*Attorneys for Defendants*
*Toyota Motor Corporation, Koji Sato, Yoichi Miyazaki, and Akio Toyoda*