**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
aapton@zlk.com
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290

*Lead Counsel for Plaintiffs and the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLAM ABEED, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TOYOTA MOTOR CORPORATION, KOJI SATO, YOICHI MIYAZAKI, AKIO TOYODA, and KENTA KON <br><br> Defendants. | No. 2:24-cv-05284-SRM <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE** <br><br> **DATE:** July 10, 2025 <br> **TIME:** 1:30 PM <br> **COURTROOM:** 9B <br> **JUDGE:** Hon. Serena R. Murillo |

Plaintiffs respectfully submit this objection to Defendants' Request for Judicial Notice and Incorporation by Reference (ECF No. 54) ("Request" or "RJN"), filed in support of their Motion to Dismiss the Amended Complaint (ECF No. 53) ("Motion" or "Mot.").

## I.    INTRODUCTION

Defendants have improperly submitted numerous extraneous materials in support of their premature factual disputes set forth to undermine the sufficiency of the Complaint. A request such as this is impermissible under the rules and applicable case law. As Federal Rule of Civil Procedure 12(d) makes explicit: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Further, in the Ninth Circuit, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

Defendants ask the Court to consider 15 exhibits—roughly 170 pages—in evaluating their Rule 12(b)(6) Motion on the basis that, the Complaint "refers extensively" to these documents, and therefore, they are subject to incorporation by reference and/or are proper subjects of judicial notice. *See* RJN at 3-5; *see also* ECF Nos. 53-3 – 53-19. Defendants' Request "is on par with this pattern of defendants burying district courts, at the earliest stage of litigation, in hundreds of pages of exhibits purportedly subject to judicial notice or incorporated by reference in the complaint but, indeed, better saved for a later stage of the case." *Laborers Dist. Council Constr. Indus. Pension Fund v. Sea Ltd.*, 743 F.Supp.3d 1083, 1095-96 (D. Ariz. 2024); *see, e.g., Khoja*, 899 F.3d at 999 ("Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine

1

the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery."); *see also Hsu v. Puma Biotechnology, Inc.*, 213 F.Supp.3d 1275, 1281-82 (C.D. Cal. 2016) (describing "practical reality" of "inappropriate efforts by defendants" in securities fraud matters to "expand courts' consideration of extrinsic evidence at the motion to dismiss stage," which "diminish the ability of wronged plaintiffs to get their constitutionally-protected day in court").

Tellingly, all but two of Defendants' proposed exhibits appear only in their "background" section of the Motion, confirming they have no purpose other than to provide a counter-factual narrative to the one alleged by Plaintiffs. *See* Mot. at 4-11 (citing Exs. 1-8, 10, 12-15). Defendants then rely on their improper counter-factual narrative to present contrary arguments focused on factual issues in support of their Motion. *See id.* at 17, 19, 24. "Clearly, [Defendants] [are] using [their] 'request for judicial notice … as a backdoor avenue for introducing evidence of the facts themselves.'" *Sea*, 743 F.Supp.3d at 1097 (quoting *Hadley v. Kellogg Sales Co.*, 243 F.Supp.3d 1074, 1088 (N.D. Cal. 2017)); *see also Khoja*, 899 F.3d at 999 ("If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief.").

Defendants' Request should be summarily denied, or in the alternative, to the extent consideration is given, be under the limited purview detailed further below.

## II.    LEGAL STANDARD

"[T]he purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to decide its merits." *Craig Frazier Design, Inc. v. Zimmerman Agency LLC*, 2010 WL 3790656, at *6 (N.D. Cal. Sep. 27, 2010). "Even under the

[Private Securities Litigation] Reform Act, plaintiffs are only required to plead facts, not to produce admissible evidence." *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F.Supp.2d 1248, 1272 (N.D. Cal. 2000). As such, "[g]enerally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

"When 'matters outside the pleading are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56." *Khoja*, 899 F.3d at 998 (quoting Fed. R. Civ. P. 12(d)); *see also* Wright & Miller, 5C *Fed. Prac. & Proc. Civ*. § 1366, at 159 (3d ed. 2004) ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."). In *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), the Supreme Court identified two limited exceptions noting, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.* at 322.

*First*, incorporation by reference is a "judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1102. "[A] defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id.* (quoting *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). When answering the question of how "extensively" the reference must be, the Ninth Circuit has held that "'the mere mention of the existence of a document is insufficient to incorporate the contents of a document.'" *Id.* (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)). And incorporation

3

of a document not explicitly referenced is limited to those "rare instances," *Khoja*, 899 F.3d at 1002, where "the complaint 'relies heavily upon its terms and effect' such that the [document] is integral to the complaint." *Coto*, 593 F.3d at 1038.

However, incorporation is improper "if the document merely creates a defense to the well-pled allegations in the complaint … [o]therwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Khoja*, 899 F.3d at 1002. "For this same reason … it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint" because there is a "prohibition against resolving factual disputes at the pleading stage." *Id.* at 1003 (citing *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.") and *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942, n.1 (9th Cir. 2008) (finding it proper to consider disability benefits plan referenced in complaint, but declining to accept truth of the plan's contents where the parties disputed whether defendant actually implemented the plan according to its terms)).

*Second,* pursuant to Federal Rule of Evidence 201, a court is permitted to take judicial notice of an "adjudicative fact" that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja*, 899 F.3d at 999.

"But [generally known or] accuracy is only part of the inquiry under Rule 201(b)." *Id.* Indeed, "the Court may take judicial notice of matters of public record, but it 'cannot take judicial notice of disputed facts contained in such public

4

records.'" *Poisson v. Aetna Life Ins. Co.,* 488 F.Supp.3d 942, 945 (C.D. Cal. 2020) (quoting *Khoja*, 899 F.3d at 999); *see also Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50 F.Supp.3d 1328, 1349, n.153 (C.D. Cal. 2014) ("The court takes judicial notice of the SEC filings only for their existence and contents, not for the truth of the information contained in them."); *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 467 (6th Cir. 2014) ("Under this standard, we could take notice only of the fact that Omnicare filed the Audit Committee Charter and what that filing said, but we could not consider the statements contained in the document for the truth of the matter asserted, even at the motion-to-dismiss stage.").

Aside from extrinsic materials that meet these limited exceptions, if the court considers documents or facts outside the four corners of the Complaint, it must convert the motion into one for summary judgment, and conversion is not appropriate unless the parties have had an opportunity to conduct reasonable discovery. *See* Fed. R. Civ. P. 12(b), 12(d), 56; *see also Blake v. Canoo Inc.*, 2022 WL 22919489, at *1-*2 (C.D. Cal. July 19, 2022) (denying a Rule 12(b)(6) motion to dismiss "for referencing materials outside the pleadings … persuaded that it would be more appropriate to consider the arguments and documents (including Canoo's SEC filings) in the context of a motion for summary judgment").

## III.   ARGUMENT

### A.   Judicial Notice of Exhibits 1-15, *If Any*, is Limited to Their Existence and Contents

Defendants contend that exhibits 1-15, in their entirety, are proper subjects of judicial notice. *See* RJN 4-5. These documents include Toyota SEC filings (Exs. 1, 4, 5, 7, 8, and 12-15), transcripts published on Toyota-affiliated websites (Exs. 2 and 9), Toyota press releases (Exs. 3 and 6), an interview with Mr. Toyoda published in *The Toyota Times* (Ex. 11), and a news article published in *The New York Times* (Ex. 10).

5

Defendants' Request, however, fails to "clearly specify what fact or facts" are to be judicially noticed from the voluminous materials contained in these exhibits. *Khoja*, 899 F.3d at 999 (remarking that "[a] [district] court must [] consider – and identify – which fact or facts it is noticing"). As such, judicial notice of these documents, as requested, should be denied "[b]ecause defendants do not identify which facts within each exhibit they want the court to judicially notice." *Blake*, 2022 WL 22919489, at *1 (declining notice where "defendants simply request that the court take judicial notice of the documents in their entirety"); *see, e.g., Felipe v. Playstudios Inc.,* 2024 WL 1380802, at *6 (D. Nev. Mar. 31, 2024) (denying judicial notice of SEC filings because "[a]lthough these exhibits are 'matters of public record,' Defendants do not identify which fact or facts they seek to have the Court notice").

Moreover, Defendants' Motion reveals that their requested notice is not limited to the existence and contents of these documents but for the truth of the information contained therein – and form part of fact-dependent arguments that cannot be resolved on a motion to dismiss. *See Khoja*, 899 F.3d at 999 ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."); *see also In re BioVie Inc. Sec. Litig.*, 2025 WL 947667, at *7 (D. Nev. Mar. 27, 2025) (noticing public documents filed with SEC or readily available on defendant's website but declining to "judicially notice the truth of any statements therein to resolve factual disputes" recognizing "the risk that Defendants may cherry-pick public statements supporting their position, without referencing public materials which run counter to their arguments"); *Wang v. Zymergen Inc.*, 744 F.Supp.3d 995, 1006 (N.D. Cal. Aug. 14, 2024) (noticing documents filed with the SEC under the condition that "[t]his judicial notice is limited to the existence of these filings and does not extend to the accuracy of their contents").

For example, Defendants seemingly ask the Court to judicially notice exhibits 2, 10, 13, and 14 for the disputed proposition that the certification misconduct at Toyota was so insignificant and unrelated to the affected vehicles' performance and safety, supporting Defendants' good faith inference that the scope of the investigation, excluding Toyota, was proper, and that the corrective disclosures are not sufficiently connected to the alleged fraud. *See* Mot. at 9-11, 24-28. "That is, at best, an inference drawn from disputed facts contained within the [documents] and, accordingly, is not appropriately subject to judicial notice." *Cederberg v. Washington Cnty. Consol. Commc'ns Agency,* 2019 WL 2929505, at *6 (D. Or. July 8, 2019) (declining notice of transcript submitted for the truth of its contents and inferences drawn from them to dispute allegations in the complaint).

Similarly, Defendants request judicial notice of exhibit 11 to rebut Plaintiffs' well-pled scienter allegations concerning Mr. Toyoda's admissions of knowledge of wrongdoings and efforts to circumvent disclosure to avoid negative market reaction. *See* Mot. at 9, 24 n.40. Indeed, Defendants' Motion, relying on disputed facts within this document, explicitly states: "While TMC promptly disclosed the results (contrary to Plaintiffs' suggestion that TMC attempted to avoid admitting to wrongdoing, *see* ¶104) …" Mot. at 9. Accordingly, this document is not appropriately subject to judicial notice because Defendants ask the Court to notice the accuracy of its contents to resolve a factual dispute at a motion to dismiss. *See In re Apple Inc. Sec. Litig.*, 678 F.Supp.3d 1147, 1153 (N.D. Cal. 2023) (declining judicial notice of news article that defendants claimed "disproves [CEO's] intent to defraud shareholders").

In sum, judicial notice of Defendants' extrinsic materials, *if any*, should be limited to their existence and contents – but not the truth of the matters asserted therein. *See Luo v. Spectrum Pharmaceuticals, Inc.*, 2024 WL 4443323, at *5 (D. Nev. Oct. 7, 2024) (finding extrinsic materials filed with the SEC "an appropriate

7

subject for judicial notice … [but] declining to consider it for the truth of the matter asserted"); *Sea*, 743 F.Supp.3d at 1096 n.6 (same); *Maiman v. Talbott*, 2010 WL 11421950, at *8 (C.D. Cal. Aug. 9, 2010) ("Here, while it may be appropriate to judicially notice the existence of SEC filings and their contents, judicial notice should *not* be taken of the *truth* of their contents.") (emphasis in original); *see also Lowthorp v. Mesa Air Grp. Inc.*, 2021 WL 3089118, at *5 (D. Ariz. July 22, 2021) (taking judicial notice of the fact "that there was an investor call" and that the speakers made the statements included in the transcript," but "not tak[ing] judicial notice of the substance of the statements because those facts may be subject to reasonable dispute"); *In re Zillow Grp., Inc. Sec. Litig.*, 2018 WL 4735711, at *3 (W.D. Wash. Oct. 2, 2018) ("While the Court can take judicial notice of the fact that a document was filed with the SEC, and of the contents of such a filing, '[t]he truth of the content, and the inferences properly drawn from them . . . is not a proper subject of judicial notice under Rule 201.'"); (quoting *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008)).

**B.**    **Incorporation of Exhibits 1-4 and 8-15, *If Any*, is Limited to Their Existence and Contents**

According to Defendants' Request, exhibits 1-4 and 8-15 are subject to incorporation by refence by Plaintiffs "referencing them extensively" in the Complaint. *See* RJN at 3. Importantly, "[t]o qualify as 'extensively referenced,' the complaint must cite the document at least more than once or quote from it at length; merely mentioning the existence of a document is insufficient." *Callen v. Resonant Inc.*, 709 F.Supp.3d 1021, 1025 (C.D. Cal. 2023) (citing *Khoja*, 899 F.3d at 1002).

*First*, Defendants cannot credibly argue that Plaintiffs' minimal reference to limited portions of the information contained in exhibits 3, 10-11, 13, and 15 meets the standard for incorporation by reference. Indeed, Plaintiffs only mention the existence of the documents contained in exhibits 10, 11, and 15 and refer to the

8

content of exhibits 3, 10-11, and 15 only *once* in the Complaint. *See* ¶¶49, 69, 89, 104. Likewise, Defendants contend incorporation of exhibit 13 is appropriate because the Complaint refers to information that can be found in this document without explicitly mentioning the document itself as the source of the information. *See* RJN at 3, n.1; *see also* ¶12 ("On July 5, 2024, Toyota claimed that it had completed its investigation and found no further misconduct.") and ¶66 ("On July 5, 2024, Toyota announced that its internal investigation had been completed with no further findings of misconduct"). While not expressly raised, any request for incorporation of these materials under the second prong would also fail. "A document forms the basis of a claim when it serves as the foundation for an element of the claim." *Callen*, 709 F.Supp.3d at 1025.

Accordingly, exhibits 3, 10-11, 13, and 15 are not appropriately subject to incorporation because they are not extensively referenced nor are they integral to the Complaint. *See Khoja*, 899 F.3d at 1006 (holding SEC filings, not extensively referenced in the complaint, were not subject to incorporation by reference); *see also Pirani v. Netflix, Inc.*, 710 F.Supp.3d 756, 767 (N.D. Cal. 2024) (finding documents filed with SEC "have not been incorporated by reference" because "[t]hese documents serve only to provide background and do not form the basis of any claim"); *Kuhn v. Three Bell Cap.*, 698 F.Supp.3d 1119, 1123 (N.D. Cal. 2023) (declining incorporation of documents "neither extensively referenced in the complaint nor central to resolving [plaintiff's] claims" finding "their incorporation is not required to assess the sufficiency of the claims pleaded in [the] complaint").

*Second*, while Defendants unnecessarily lard the record with materials irrelevant to the Complaint and their pending Motion, Plaintiffs do not object to the Court's consideration of the contents and existence of exhibits 1-2, 4, 8-9, 12, and 14 under the incorporation by reference doctrine as Plaintiffs have extensively referred to, quoted, or otherwise relied upon portions of these documents in the

9

Complaint. *See Ritchie*, 342 F.3d at 908; *cf. Davis v. HSBC Bank NV, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012) ("the district court … is not required to incorporate documents by reference"); *Williams v. Cty. Of Alameda*, 26 F.Supp.3d 925, 935 (N.D. Cal. 2014) ("the court has discretion either to consider or reject such evidence" outside the pleadings).

That said, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint" because there is a "prohibition against resolving factual disputes at the pleading stage." *Khoja*, 899 F.3d at 1003. Accordingly, consideration of the truth of the matters asserted within any incorporated extrinsic materials, for the purpose of disputing Plaintiffs' well-pled factual allegations, is improper. *See, e.g., Felipe*, 2024 WL 1380802, at *6 (incorporating by reference exhibits "quoted or relied on extensively within the AC or forms a necessary basis of the complaint. However, the Court will not consider the documents to resolve factual disputes against the well-pled allegations in the complaint."); *In re BioVie*, 2025 WL 947667, at *7 (limiting consideration of documents incorporated by reference to "the content of these materials where relevant"); *see also Lawson v. Klondex Mines Ltd.*, 450 F.Supp.3d 1057, 1071 (D. Nev. 2020) (taking judicial notice of press release incorporated by reference in the complaint under the condition that it "cannot assume the truth of the contents of the press release because Lawson's First Amended Complaint alleges that it contains false or misleading statements.").

## IV.   CONCLUSION

For the foregoing reasons, the Court should decline consideration of Defendants' extrinsic materials in deciding their Motion, or in the alternative, if inclined to consider any of these documents under judicial notice and/or incorporation by reference, do so only to the extent of noting their existence and contents, not for the truth of the matters asserted therein.

10

Dated: April 4, 2025

**LEVI & KORSINSKY, LLP**

/s/ Adam M. Apton
Adam M. Apton (SBN 316506)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com

*Lead Counsel for Plaintiffs and the Class*

**THE ROSEN LAW FIRM, PA**
Laurence Rosen
Jonathan Stern (*pro hac vice* application forthcoming)
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Email: jstern@rosenlegal.com
Email: lrosen@rosenlegal.com

*Additional Counsel for Plaintiffs*

**THE SCHALL LAW FIRM**
Brian Schall (290685)
Brian R. England (211335)
Rina Restaino (285415)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Email: brian@schallfirm.com
Email: rina@schallfirm.com

*Additional Counsel for Plaintiffs*

11

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this opposition does not exceed 25 pages, which complies with the page limit set by the Court's Standing Order for Newly Assigned Civil Cases dated March 25, 2025.

Dated: April 4, 2025                     /s/ Adam M. Apton
                                         Adam M. Apton (SBN 316506)

12