**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
aapton@zlk.com
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290

*Lead Counsel for Plaintiffs and the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLAM ABEED, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, KOJI SATO, YOICHI MIYAZAKI, AKIO TOYODA, and KENTA KON,<br><br>Defendants. | No. 2:24-cv-05284-SRM<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY [70]** |

Plaintiffs write in response to Defendants' Notice of Supplemental Authority dated September 5, 2025. ECF No. 70. The case on which Defendants rely, *Sneed v. Talphera*, 147 F.4th 1123 (9th Cir. 2025), is uninformative to the issues in the Motion to Dismiss. The facts in *Sneed* are too different from the facts at bar to be helpful let alone persuasive. *Sneed* concerned whether and to what extent a marketing slogan for a pharmaceutical product was materially misleading. The court affirmed the dismissal of the plaintiffs' case based on additional disclosures that accompanied the marketing slogan, which eliminated any reasonable chance of misleading investors. *Id*. at 1132.

Unlike the additional disclosures made in *Sneed*, no such disclosures were made alongside Defendants' statements in the case at bar. To the contrary, Defendants made unqualified representations about investigations that had already been done and supposedly confirmed that all "certification misconduct" had been rectified and resolved. ECF No. 58 at 7-9. Defendants provided nothing alongside these disclosures to suggest that their alleged "thorough review" failed to include an investigation at Toyota Group's main operating subsidiary, *i.e.*, Toyota. Thus, where *Sneed* turned on evidence of "copious clarifying information" alongside the alleged misrepresentation, no such additional disclosures existed here. *Sneed*, 147 F.4th at 1132.

Additionally, in *Sneed*, the plaintiffs attempted to plead scienter by relying on confidential witnesses that "never interacted with either [named defendant]." *Id*. at 1134. Plaintiffs here adequately allege scienter through Defendants' admissions, which make for a far more compelling inference. Indeed, they admitted to knowing about the certification misconduct more than 18 months prior to their disclosure. ECF No. 58 at 18-19. They also admitted that they knew the investigation into Toyota began in January 2024 after the MLIT ordered it. *Id*. at 20-21. These admissions combined with the practical importance of Toyota's operations to the

1

overall business make it "absurd to suggest" that Defendants did not act with scienter at the pleading stage.

Dated: September 18, 2025

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com

*Lead Counsel for Plaintiffs and the Class*

**THE ROSEN LAW FIRM, PA**
Laurence Rosen
Jonathan Stern (admitted *pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Email: jstern@rosenlegal.com
Email: lrosen@rosenlegal.com

*Additional Counsel for Plaintiffs*

**THE SCHALL LAW FIRM**
Brian Schall (290685)
Brian R. England (211335)
Rina Restaino (285415)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Email: brian@schallfirm.com
Email: rina@schallfirm.com

*Additional Counsel for Plaintiffs*

RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY
Case No. 2:24-cv-05284-SRM