**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
aapton@zlk.com
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290

*Lead Counsel for Plaintiffs and the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLAM ABEED, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, KOJI SATO, YOICHI MIYAZAKI, AKIO TOYODA, and KENTA KON,<br><br>Defendants. | No. 2:24-cv-05284-SRM<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiffs respectfully submit as supplemental authority the Ninth Circuit's recent decision in *Sodha v. Golubowski*, ___ F.4th ___, 2025 WL 2487954 (9th Cir. Aug. 29, 2025). Although the case involved Section 11 claims under the Securities Act of 1933, the standard for "falsity" is the same for Section 10(b) claims under the Securities Exchange Act of 1934, *i.e.*, the claims at bar. Consequently, the Ninth Circuit's discussion on when an issuer has a duty to disclose information to investors is relevant to the issues raised by Defendants in their motion to dismiss.

Specifically, Plaintiffs argue that Defendant Toyoda triggered a duty to disclose that Toyota Group's investigation to date had not included its main operating subsidiary, Toyota. ECF No. 58 at 14-15. *Sodha* supports this argument insofar as it holds that disclosure must be evaluated within the context of materiality. *Sodha*, 2025 WL 2487954, at *9. In *Sodha*, the Ninth Circuit held that defendants had a duty to disclose information about certain events in light of how that information contradicted and/or undermined the information they had already provided to investors. *Id*. at *10. That rule applies with equal force here. As argued in opposition, Defendant Toyoda was under no obligation to provide investors with the results of Toyota Group's internal investigation (namely, that "there [were] no other irregularities" discovered), but he did. Consequently, he triggered a duty to disclose additional information about the scope of the investigation conducted to date and that it did not include an investigation into the company's main operating group, *i.e.*, Toyota. *See* ECF No. 58 at 14-15.

A copy of *Sodha v. Golubowski* is attached hereto as Exhibit A.

1

Dated: September 18, 2025

**LEVI & KORSINSKY, LLP**

/s/ Adam M. Apton
Adam M. Apton (SBN 316506)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com

*Lead Counsel for Plaintiffs and the Class*

**THE ROSEN LAW FIRM, PA**
Laurence Rosen
Jonathan Stern (admitted *pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Email: jstern@rosenlegal.com
Email: lrosen@rosenlegal.com

*Additional Counsel for Plaintiffs*

**THE SCHALL LAW FIRM**
Brian Schall (290685)
Brian R. England (211335)
Rina Restaino (285415)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Email: brian@schallfirm.com
Email: rina@schallfirm.com

*Additional Counsel for Plaintiffs*

2