**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
aapton@zlk.com
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290

*Lead Counsel for Plaintiffs and the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLAM ABEED, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TOYOTA MOTOR CORPORATION, KOJI SATO, YOICHI MIYAZAKI, AKIO TOYODA, and KENTA KON, <br><br> Defendants. | No. 2:24-cv-05284-SRM <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY [76]** |

What Defendants style as a motion for leave to file supplemental authority is functionally a request for permission to file a sur-reply, which is generally not allowed absent exceptional circumstances. "Motions for leave to file a sur-reply are generally viewed with disfavor." *Barsuli v. Goodrx Holdings, Inc.*, No. 2:24-cv-03282 AB-AJR, 2024 U.S. Dist. LEXIS 183328, at *3 (C.D. Cal. July 22, 2024). Where, as here, the proposed supplemental authority is inapposite to the case, there is no "valid reason" for additional briefing. *See Tounget v. Valley-Wide Rec. & Park Dist.*, No. EDCV 16-88 JGB (KKx), 2020 U.S. Dist. LEXIS 249594, at *4 (C.D. Cal. Feb. 20, 2020); *Marcus v. CDC*, No. 2:22-cv-02383-SSS-ASx, 2023 U.S. Dist. LEXIS 30594, at *17 n.7 (C.D. Cal. Feb. 21, 2023) (denying motion for leave to file a sur-reply where "upon review, the Court finds that *McCaskey* is inapposite because the allegations regarding MedAire in that case differ significantly from the instant case").

Defendants' proposed brief asks the Court to consider *Sneed v. Talphera*, 147 F.4th 1123 (9th Cir. 2025), for various reasons. But *Sneed* is uninformative to the issues in the Motion to Dismiss. The facts in *Sneed* are too different from the facts at bar to be helpful let alone persuasive. *Sneed* concerned whether and to what extent a marketing slogan for a pharmaceutical product was materially misleading. The court affirmed the dismissal of the plaintiffs' case based on additional disclosures that accompanied the marketing slogan, which eliminated any reasonable chance of misleading investors. *Id*. at 1132.

Unlike the additional disclosures made in *Sneed*, no such disclosures were made alongside Defendants' statements in the case at bar. To the contrary, Defendants made unqualified representations about investigations that had already been done and supposedly confirmed that all "certification misconduct" had been rectified and resolved. ECF No. 58 at 7-9. Defendants provided nothing alongside these disclosures to suggest that their alleged "thorough review" failed to include

1

an investigation at Toyota Group's main operating subsidiary, *i.e.*, Toyota. Thus, where *Sneed* turned on evidence of "copious clarifying information" alongside the alleged misrepresentation, no such additional disclosures existed here. *Sneed*, 147 F.4th at 1132.

Additionally, in *Sneed*, the plaintiffs attempted to plead scienter by relying on confidential witnesses that "never interacted with either [named defendant]." *Id*. at 1134. Plaintiffs here adequately allege scienter through Defendants' admissions, which make for a far more compelling inference. Indeed, they admitted to knowing about the certification misconduct more than 18 months prior to their disclosure. ECF No. 58 at 18-19. They also admitted that they knew the investigation into Toyota began in January 2024 after the MLIT ordered it. *Id*. at 20-21. These admissions combined with the practical importance of Toyota's operations to the overall business make it "absurd to suggest" that Defendants did not act with scienter at the pleading stage.

Dated: October 20, 2025

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com

*Lead Counsel for Plaintiffs and the Class*

**THE ROSEN LAW FIRM, PA**
Laurence Rosen
Jonathan Stern (admitted *pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Email: jstern@rosenlegal.com
Email: lrosen@rosenlegal.com

2

*Additional Counsel for Plaintiffs*

**THE SCHALL LAW FIRM**
Brian Schall (290685)
Brian R. England (211335)
Rina Restaino (285415)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Email: brian@schallfirm.com
Email: rina@schallfirm.com

*Additional Counsel for Plaintiffs*

3